United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 04-50253
Summary Calendar

—————————————

DAVID WIGGINS, III,

Plaintiff-Appellant,

versus

OSCAR MENDOZA; MONTE CARROLL; SERGIO GUERRA; LOUIS
HERNANDEZ; RANDOLPH PRATZ; JEFFRIE MARTON; RAFAEL
OLIVER; ROGER CHILDRESS; HATTIE WHITEFIELD; KELLIE WARD
TRINIDAD ZAMORA; PHILIP SIFUENTES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-805
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

David Wiggins, III, Texas prisoner # 594257, moves to
proceed in forma pauperis (IFP) on appeal from the dismissal of
his 42 U.S.C. § 1983 claims for failure to exhaust administrative
remedies and as frivolous. The merits of Wiggins's appeal are
"inextricably intertwined" with the magistrate judge's
certification that the appeal was not taken in good faith, and,
therefore, we determine both issues, denying IFP and dismissing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the appeal.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Wiggins has not shown that his failure to exhaust administrative remedies is a nonfrivolous issue.  We reject Wiggins's argument that the defendants waived the exhaustion defense.  Assuming, arguendo, that the exhaustion requirement is an affirmative defense that may be waived, such a waiver would not be applicable in this case because Wiggins was on notice five months prior to the entry of judgment that his exhaustion of administrative remedies was in question and was given the opportunity to submit the relevant grievances; therefore, he was not prejudiced.  See Lafreniere Park Found. v. Broussard, 221 F.3d 804, 808 (5th Cir. 2000).  Insofar as Wiggins contends that copies of the missing grievances were stolen from his cell following a major use of force, this fact does not account for their absence from the defendants' records of inmate grievances if they were indeed filed.

Wiggins has also not shown his exhausted claims to be arguable on their merits.  The summary judgment evidence supports the magistrate judge's determination that the defendants did not, as a matter of law, act with deliberate indifference to Wiggins's serious medical needs after the November 5, 2001, major use of force.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In light of the foregoing, Wiggins has not demonstrated that his appeal would involve nonfrivolous issues.  His motion for IFP

status is therefore DENIED and his appeal DISMISSED as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Wiggins is warned that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).

IFP DENIED; APPEAL DISMISSED.